```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


In the Matter of the Complaint of  )
BUNGE NORTH AMERICA, INC., as      )
Owner of BUNGE 13510B for          )       No. 4:08CV1909-DJS
Exoneration from or Limitation of  )
Liability.                         )
-----------------------------------
In the Matter of the Complaint of  )
BUNGE NORTH AMERICA, INC., as      )
Owner of BUNGE 401 for             )       No. 4:09CV125-DJS
Exoneration from or Limitation of  )
Liability.                         )
```

### ORDER

On December 9, 2008, plaintiff Bunge North America, Inc. filed two Complaints for Exoneration from or Limitation of Liability pertaining to an incident on June 9, 2008 in which Curtis Davis fell from the barge BUNGE 401 and died. One complaint, filed in this Court, pertains to liability of the barge BUNGE 13510B. The second complaint, originally filed in the Western District of Tennessee but since transferred to this Court, pertains to liability of the barge BUNGE 401. Both complaints aver that at the time of their filing, no claims were yet filed arising from the incident in question.

With each complaint, plaintiff submits an affidavit appraising the value of the vessel at issue and a Letter of Undertaking as security for the amount of each valuation plus interest at the legal rate of 6% per annum and court costs. The Court has consulted the Clerk of Court concerning the acceptability

of the Letter of Undertaking.  The Clerk advises the Court that RLI Insurance Company's certificate of authority from the Missouri Division of Insurance on file with the Court has expired, and that the Clerk has no power of attorney for the signatory James G. Baalmann.

In view of these administrative lapses, it appears that plaintiff has not met the security requirements of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.  In accordance with Rule F(3), upon plaintiff's compliance with the rule's requirements pertaining to security, and on separate application of the plaintiff reciting plaintiff's compliance with the Court's security requirements, the Court may enjoin prosecution of any action or proceeding against plaintiff or its property with respect to any claim subject to limitation in this action.

In addition, the Court may then, pursuant to Rule F(4), issue a notice to all potential claimants, fixing a date by which their claims must be asserted.  A proposed notice has been submitted in Cause No. 4:08CV1909-DJS, but is not found in Cause No. 4:09CV125-DJS upon its transfer from the Western District of Tennessee.  To seek the issuance of the notice, after completing compliance with the security requirements of Rule F(1), plaintiff shall file a motion in each case, along with a proposed notice, and shall set forth the specific method of its publication in accordance with Rule F(4), and advise the Court of any persons known to have already asserted a claim against the vessel or the

plaintiff arising out of the incident on which the claims sought to be limited arose.

In the event that any other case management steps are advisable now or in the near future to promote the expeditious progress of these proceedings, plaintiff should so advise the Court via an appropriate motion or memorandum. The Court addresses the potential consolidation of the two cases in its order below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, no later than **February 20, 2009**, deposit with the Court either the sums required by the previously-filed Affidavits of Value and the applicable provisions of Rule F, or security therefor acceptable to the Clerk of Court.

**IT IS FURTHER ORDERED** that, no later **February 20, 2009**, plaintiff shall file a motion for the issuance of notice to claimants, which shall: (1) recite plaintiff's compliance with the Court's security requirements, (2) contain plaintiff's proposed language for such a notice and a detailed proposal for the means of publication of such a notice, and (3) list every person known to have made any claim against the plaintiff or the vessels at issue arising out of the incident on which the claims sought to be limited arose. In all applicable respects, plaintiff's proposal shall comply with the requirements of Rule F(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**IT IS FURTHER ORDERED** that if plaintiff seeks consolidation of Cause No. 4:08CV1909-DJS and Cause No. 4:09CV125-DJS, it shall file a motion seeking such consolidation no later than **February 20, 2009**. Any such motion shall address whether a single consolidated complaint can and should be filed in order to effect a consolidation of the two matters under one Cause Number and permit the dismissal and closure of the other Cause Number.

Dated this ___22nd___ day of January, 2009.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE